**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50295 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-03863-LAB |
| v. | |
| FIDEL MENDEZ-MALDONADO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted June 14, 2016[**]

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Fidel Mendez-Maldonado appeals from the district court's judgment and

challenges the 24-month sentence imposed upon revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Mendez-Maldonado contends that the district court's explanation for the above-Guidelines sentence was inadequate because it erroneously relied on application note 4 to U.S.S.G. § 7B1.4 to justify the upward variance. He further contends that the court procedurally erred and violated his right to due process by relying on clearly erroneous facts, namely, that Mendez-Maldonado received a "tremendous break" when he received a six-month sentence for a new immigration conviction, and that he drove drunk on more occasions than the five incidents for which he was convicted. These claims fail. We do not review for procedural correctness the district court's reliance on application note 4 to U.S.S.G. § 7B1.4. *See United States v. Christensen*, 801 F.3d 970, 1024 (9th Cir. 2015). The record reflects that the district court adequately explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Furthermore, the district court did not rely on any clearly erroneous facts. *See United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010) ("A finding is clearly erroneous if it is illogical, implausible, or without support in the record.").

Mendez-Maldonado also contends that his sentence is substantively unreasonable because the district court's reasoning was influenced, at least implicitly, by the concept of punishment and because the court placed too much weight on some of the 18 U.S.C. § 3583(e) sentencing factors. The district court

did not abuse its discretion in imposing Mendez-Maldonado's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the section 3583(e) sentencing factors and the totality of the circumstances, including Mendez-Maldonado's criminal and immigration history and his failure to be deterred from reentering the country by his prior 24-month sentence. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

15-50295